UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| **James Alva McNeal,** | : | Case No. 4:20-02028-MJC |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| **James Alva McNeal,** | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding |
| | : | No. 4:20-00060-MJC |
| v. | : | |
| | : | |
| **Lyle J. Brouse, Jr.,** | : | |
| **Jessica Brouse,** | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

Before the Court is Plaintiff's Motion to Waive Costs of Transcripts Pursuant to 28 U.S.C. §753(f) filed on August 23, 2024 ("Motion"). Dkt. # 240. This request is made in connection with Plaintiff's Motion for Leave to Proceed *in forma pauperis* that was granted by Chief Judge Brann on August 20, 2024 in the bankruptcy appeal pending at District Court No. 24-1307-MWB.[1]

## I. FACTUAL BACKGROUND

The facts of this case have been exhaustively detailed in this Court's Opinion dated June 7, 2024. Dkt. # 174. The essential facts to the dispute relate to an alleged oral agreement in July

---

[1] Plaintiff also has 2 related bankruptcy appeals pending before the District Court filed at Nos. 24-1413-MWB and 24-1414-MWB. Plaintiff did not seek *in forma pauperis* status in those 2 appeals. Based on *Walker v. People Express Airlines, Inc.,* 886 F.2d 598, 600 (3d Cir. 1989), where the Third Circuit indicated that *in forma pauperis* status is a precondition to relief under §753(f), that is another basis to deny the Motion. Also, the Defendants filed motions to dismiss in each of the aforementioned appeals on August 22, 2024. Plaintiff has not filed any response as of this writing.

2018, between Plaintiff/Debtor James McNeal ("Plaintiff") and Defendants Lyle and Jessica Brouse ("Defendants") for the sale of a parcel of real estate ("Property"). With the assistance of counsel, the parties subsequently executed a deed conveying the Property. However, shortly thereafter, Plaintiff contested the transaction claiming the deed did not reflect the parties' agreement for the sale of the Property. Plaintiff believed he was conveying 1.5 acres for $5,000 but learned that his entire interest in the 22 acre property had been conveyed for $1.00.[2] Once he contacted Defendants regarding the supposed mistake, he claims Defendants agreed to rescind the transaction. Defendants have disputed Plaintiff's characterization of the events.

## II.   PLAINTIFF'S REQUEST UNDER 28 U.S.C. §753

Plaintiff filed his Designation of Items to be Included in Record and Statement of Issues on Appeal on August 30, 2024. Dkt. # 243. Plaintiff identifies 8 issues on appeal and appears to consolidate all 3 of his appeals in this document. Plaintiff designated <u>all</u> docket entries in both the main bankruptcy case and the adversary proceeding totaling 292 entries. Plaintiff made no effort to cull the designation to only the items necessary for the appeal. The entries include such clearly non-relevant items as "filing fee not required," certificates of service, entries of appearance, "returned mail," various Clerk notices, etc. Plaintiff has also requested, but not specifically identified, "all transcripts for all of the hearings" to be included in the record.

Plaintiff's Motion does not offer any basis for waiver of the fees, nor does it specify what transcripts are being requested or why such transcripts are needed. The Motion merely states that

---

[2] The actual terms of the alleged transaction have never been fully explained to the Court. Plaintiff's counsel indicated at the last argument that her client, who suffers from some type of unspecified brain injury, could not remember what the terms were.

2

the appeal is not frivolous. Plaintiff's request regarding waiver of the trial transcripts fee is governed by 28 U.S.C. §753. The relevant section of §753(f) provides:

> (f) ... Fees for transcripts furnished in other [*i.e.*, not criminal and not habeas corpus] proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)....

28 U.S.C. §753(f). Accordingly, this Court is tasked with determining whether the appeal is not frivolous and presents a substantial question. *See Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem, Inc.,* 71 F.R.D. 93, 97 (S.D.N.Y. 1976); *see also In re Lepre,* 2012 WL 2994018, *1 (Bankr. W.D. Pa. 2012); *In re Price,* 410 B.R. 51, 59 (Bankr. E.D. Cal. 2009). Each of these elements are separate and a favorable determination on each element is required in order to direct the United States to pay for transcripts. *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).

My colleague from the Western District, Judge Deller, analyzed §753(f) as follows:

> Section 753 of the Judiciary Code is similar to other provisions in the statute which govern privileges afforded to litigants proceeding *in forma pauperis.* For example, 28 U.S.C. § 1915 mandates that an appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). Similarly, under Section 1915(e)(2)(B), an appeal by an appellant proceeding *in forma pauperis* must be dismissed if the action is frivolous, malicious, or fails to state a claim for which relief can be granted. *In re Shesmonsky,* No. 11–4284, 2012 WL 266972 (3d Cir. Jan. 31, 2012 (*citing Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989)).
>
> Good faith "is established by the presentation of any issue that is not plainly frivolous". *Ellis v. U.S.,* 356 U.S. 674, 674, 78 S. Ct. 974, 975, 2 L.Ed.2d 1060 (1958). For purposes of Section 1915, courts have held that an appeal is frivolous if it "lacks an arguable basis in law or fact". *Neitzke,* 490 U.S. at 325. Similarly, for purposes of 28 U.S.C. § 753, courts have held that a substantial question is posed on appeal if the factual or legal issues presented are "reasonably debatable." *See Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem, Inc.,* 71 F.R.D. 93 (S.D.N.Y. 1976): *see also In re Price,* 410 B.R. 51, 59 (Bankr. E.D. Cal. 2009).

*Lepre*, 2012 WL 2994018, at *1. These determinations are matters of judicial discretion. *Thomas v. Computax Corp.,* 631 F.2d 139, 143 (9th Cir. 1980); *In re McCarthy*, 2020 WL 5743113, at *2 (Bankr. M.D. Fla. 2020). Based upon this analysis, the Court will review Plaintiff's request and the Issues presented.

### A. Issues 1-3

On August 2, 2024, Plaintiff filed his first Notice of Appeal,[3] Dkt. # 220, with respect to this Court's Order dated August 2, 2024, granting the Defendants' Motion to Dismiss Adversary Proceeding for Lack of Subject Matter Jurisdiction, Dkt. # 219. Although not stated clearly, it appears Plaintiff's Statement of Issues 1-3 relate to the August 2nd Order, which were stated as follows:

> 1. Whether the Bankruptcy Court erred in finding that Plaintiff's state law causes of action were not "related to" the Chapter 13 plan, especially where Plaintiff is the Debtor who was seeking the return of property to be used to fund the plan, without citing a single case to support its decision.
>
> 2. Whether the Bankruptcy Court erred in finding that judicial economy supported dismissing the case, especially after four years and more than two hundred docket entries when both parties agreed the trial would last only two hours and would require reviewing only about four pages of exhibits, without citing a single case to support its decision.
>
> 3. Whether the Bankruptcy Court erred in finding that fairness supported dismissing the case, especially without considering whether the statute of limitations had run and allowing Defendants to wait four years to challenge jurisdiction after affirmatively stating throughout the four years that jurisdiction was admitted, without citing a single case to support its decision.

Dkt. # 243 at 1-2.

In reviewing these issues, it is clear that Issue 1 is frivolous and not subject to reasonable debate as it "lacks an arguable basis in law or fact." *Neitzke,* 490 U.S. at 325. Plaintiff's state law

---

[3] This was entered on the District Court docket at No. 24-cv-1307-MWB.

claims are all "related" to his interest in the Property. However, the Property is not property of the bankruptcy estate. Plaintiff's Chapter 13 Plan was confirmed on February 1, 2022. Dkt. # 49. The Confirmed Plan, by its specific terms, is wholly funded by the Plaintiff's future income. *Id.* at 2. Issue 1 indicates that the Debtor "was seeking the return of property to be used to fund the plan;" however, there is nothing in the Confirmed Plan or in any other document in the record referencing funding of the Plan from the avoidance of the allegedly fraudulent transfer of the Property.

Further, according to the terms of the Confirmed Plan, the Property revested in the Plaintiff upon confirmation. *Id.* at 11. Accordingly, the Property was no longer property of the bankruptcy estate. *See* 11 U.S.C. §1327;[4] *In re Clouse*, 446 B.B. 690, 699 (E.D. Pa. 2010);[5] *In re Shuman*, 277 B.R. 638, 653 (Bankr. E.D. Pa. 2001). The Court determined that the outcome of the state law claims could have no conceivable effect on the bankruptcy estate, and thus, were not related to the bankruptcy case. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Without a basis for jurisdiction, dismissal was mandatory.

Issues 2 and 3 relate to the Court's discretionary retention of jurisdiction over an adversary proceeding after the Court has been divested of jurisdiction. *See e.g., In re Smith*, 866 F.2d 576,

---

[4] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. §101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

[5] As the Court explained in *Clouse*:

> When property vests in a debtor, he obtains absolute ownership and control of the property. Because a Chapter 13 debtor has the right to possess property of the bankruptcy estate from the inception of the case, vesting must mean "transferring absolutely" or it means "nothing at all." The vesting of all of the property of the estate in the debtor under Section 1327(b) means exactly what it says—except as otherwise provided in the plan or the order of confirmation, property of the Chapter 13 estate moves out of the estate and into the ownership and control of the debtor upon confirmation of the plan.

*Id.* (citations omitted).

580 (3d Cir. 1989) (citing *In re Stardust Inn, Inc.*, 70 B.R. 888, 891 (Bankr. E.D. Pa. 1987)). The Court declined to retain jurisdiction in this instance. However, Plaintiff claims that the Court erred in not finding that concepts of "judicial economy" and "fairness" should have prevented dismissal of the proceeding. The Court carefully considered retaining jurisdiction and weighed all of the factors set forth in the Third Circuit's *Smith* decision.[6] The Court found, *inter alia,* that because Plaintiff indicated that he would be bringing new claims in state court if he lost in this Court, that he would be amending claims against the Defendants, and that he would not be prejudiced by dismissal as he can bring the state law claims in state court, the Court granted Defendants' motion to dismiss without retaining jurisdiction over the remaining state law claims that relate to non-estate property.

Although this Court carefully weighed the *Smith* factors in considering retaining jurisdiction of the remaining state law claims, Issues 2 and 3 could be considered subject to "reasonable debate." *See Lepre*, 2012 WL 2994018, at *1. A reviewing Court could find that this Court abused or erred in the exercise of its discretion. Accordingly, the Court will certify that Plaintiff is entitled to a waiver of the costs of the August 2, 2024 transcript.

**B. Issue 4**

Plaintiff's Issue 4 is as follows:

> 4. Whether the Court erred in dismissing Plaintiff's Section 548 claim or, if it was properly dismissed, for dismissing without leave to amend and without leave for the Trustee to intervene in its Order dated June 7, 2024.

Dkt. # 243 at 2.

---

[6] In issues 1-3, Plaintiff erroneously states that the Court did not cite a "single case to support its decision." A review of the transcript will establish otherwise.

Based on the statements of Plaintiff's Counsel, it appears as though Plaintiff's goal in filing his bankruptcy case was to "claw-back" the Property for Plaintiff's benefit. However, this rationale was fundamentally flawed as the bankruptcy code is designed to pay creditors, not make a debtor whole. Specifically, as set forth in the June 7th Opinion, §548 is a tool that provides a "trustee" (and not a debtor) the power to avoid a transfer. *See In re Funches*, 381 B.R. 471, 496 (Bankr. E.D. Pa. 2008) ("I find the Code to be clear and unambiguous on the subject of a debtor's authority to exercise the trustee's avoidance powers and conclude that implying additional rights to chapter 13 debtors does violence to the balance of rights among debtors, trustees and creditors that has been carefully constructed in the statute."). However, even this power is tempered by §550(a) that limits any recovery to the extent there is a benefit to the estate. This is true as well for debtors, unless they are utilizing §522(h). *See In re Majestic Star Casino, LLC*, 716 F.3d 736, 761 n.26 (3d Cir. 2013) ("a debtor may avoid transfers and recover transferred property or its value only if the recovery is 'for the benefit of the estate'"); *In re Messina*, 687 F.3d 74, 82 (3d Cir. 2012) ("debtor is not entitled to benefit from any avoidance") (citing *In re Cybergenics Corp.*, 226 F.3d 237, 244-47 (3d Cir. 2000)); *In re Wright*, 649 B.R. 625 (Bankr. D.N.J. 2023) (holding chapter 13 debtor may only avoid transfer up to exemption amount). As stated, Plaintiff was seeking to recover the entire Property for his benefit and not for the benefit of the estate and Plaintiff did not plead §522(h) in his Amended Complaint.

Part of Issue 4 states the Court somehow erred because it did not provide leave to amend after dismissing the §548 claim. However, Plaintiff indicated he would file a motion to amend the §548 claim but never actually did.[7] Furthermore, even if Plaintiff were able to amend at such a

---

[7] In a desperate attempt to somehow salvage his case, Plaintiff filed a second adversary proceeding on July 8, 2024 at No. 24-ap-0038. Confusingly, Plaintiff did file a Motion to Amend in the first adversary requesting that the complaint in the first proceeding be amended to include a new state law claim which

7

late date (immediately before trial), his recovery utilizing §522(g) & (h), would be limited to his exemption amount. As the *Wright* Court correctly explained, §522(i) specifically proscribes the debtor's rights under §522(h) and limits any recovery to his exemption amount. *Wright,* 649 B.R. at 630. It is worth noting that Debtor's Schedule C- Exemptions lists a $1,000 exemption for "Land" and only the remaining amount of any exemption under §522(d)(5) for a "Third Party Claim," which presumably relates to Plaintiff's claims relating to the Property.[8] BK Dkt. # 17, at 14-15.

Plaintiff's Motion again failed to identify his basis for appeal or at least explain why specific transcripts are necessary to adjudicate his claims on appeal. *See U.S. v. MacCollom,* 426 U.S. 317, 325 (1976); *Hawkins v Shearer*, 2023 WL 3603288 (E.D. Cal. 2023). Plaintiff also failed to point to any evidentiary or legal basis where the Court improperly granted summary judgment and dismissed the §548 claim. *See Id.*

Here, Plaintiff's sole motivation in bringing the §548 claim was to avoid the transfer of the Property for the benefit of himself. As set forth above, the Confirmed Plan provides for full payment to the Debtor's creditors from his future income. As analyzed in the June 7th Opinion, there is no "reasonable debate" as to Issue 4. Only the Chapter 13 Trustee can bring a §548 claim and, accordingly, this Court cannot certify that Plaintiff is entitled to any transcript paid for by the United States.[9]

---

was alleged in the second proceeding. Recognizing the futility of this request, Plaintiff withdrew the motion. *See* Dkt. # 203. Defendants filed a motion to dismiss this second proceeding for lack of subject matter jurisdiction which the Court granted on August 2, 2024 without opposition.

[8] For a case filed in 2020, the total exemption allowed under §522(d)(5) is $13,825. Debtor already used $6,406 so that he would have only $7,419 available. *See* BK Dkt. # 17 at 14-15.

[9] Further, Plaintiff has not designated any specific transcript for Issue 4 or any specific basis for needing a transcript relating to Issue 4. The June 7th Opinion should be sufficient for the appeal.

C. Issues 5-8

Plaintiff next asserts the following Issues on Appeal:

> 5. Whether the Court erred in denying sanctions for Defendants' conduct under 28 U.S.C. 1927 in its Order dated June 7, 2024.
>
> 6. Whether the Court erred in denying sanctions for Defendants' conduct pursuant to Rule 37 for filing a Motion to Compel Discovery without good faith in its Order dated June 14, 2022.
>
> 7. Whether the Court erred in granting Plaintiff only one day to complete pre-trial briefing on July 18, 2024 via an oral order that Plaintiff had to send the brief to opposing counsel by "tomorrow" and otherwise denying Plaintiff's requests for additional time.
>
> 8. Whether the Court erred in denying Plaintiff's Motion in Limine filed on August 24, 2023.

Dkt. # 243 at 2.

As stated above, Plaintiff's Motion fails to state any grounds for waiver of the transcription fees, nor does it specify which transcripts are related to these issues and why the transcripts are necessary to decide the appeal. The Motion merely recites that an appeal not be frivolous. The Plaintiff cites to *In re Allen*, 2009 WL 1187957 (Bankr. D. Idaho 2009) in his Motion. However, the Court in *Allen* denied the debtors' request for waiver of the costs of transcripts with no analysis. *Id.* at *4.[10]

Relating to Issues 5-8, Plaintiff does not provide any legal or factual basis to support a finding that the appeal of these rulings is not frivolous and present a "substantial question" or are "reasonably debatable." Under a §753(f) request, Plaintiff has the burden of demonstrating non-frivolity and substantiality of the claims. *Randle v. Franklin,* 2012 WL 201757, at *1 (E.D. Cal.

---

[10] Plaintiff also cites to F.R.B.P 1006 and L.B.R. 1006 for the proposition that motions involving requests to waive fees do not require contemporaneous additional briefing or notice to additional parties. However, these Rules relate to only the waiver of filing fees for the bankruptcy petition and not to the waiver of transcript costs. Accordingly, they are not applicable.

2012). Without such an explanation, this Court is unable to certify that Plaintiff is entitled to a waiver of the transcript costs. *See Rranxburger v. Nielsen*, 2020 WL 705082 (E.D. Mich. 2020).

Here, based upon the limited information provided by Plaintiff, the Court is not able to determine if Issues 5-8 are not frivolous. However, it is clear that given that the case is dismissed based upon lack of subject matter jurisdiction, Issues 5-8 do not present a "substantial question" as is required. Accordingly, the Court does not certify a waiver of transcripts for Issues 5-8.[11]

### III. CONCLUSION

Based on the forgoing, the Court concludes that Plaintiff's Motion to Waive Costs of Transcripts Pursuant to 28 U.S.C. §753(f) will be granted in part and denied in part. The Court certifies that Plaintiff is entitled to the transcript for the argument held on August 2, 2024. For the reasons stated above, the Court does not certify that Plaintiff is entitled to a waiver of costs for any other transcripts.

An appropriate order will be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: September 24, 2024

---

[11] Again, the Court is also unable to certify since the Plaintiff did not cite to any specific transcript in connection with his Issues on appeal.